## BROOKS v. BALTIMORE & O. R. CO.

(District Court, E. D. Pennsylvania. January 4, 1923.)

### No. 9486.

**Railroads ⟨⟩326(5)—Pedestrian, climbing over train obstructing crossing, held negligent.**

A pedestrian, who attempted to climb over a freight train blocking a street crossing in violation of state law and city ordinance, and was injured by being caught between the couplers when the train suddenly started, could not recover, where the proximate cause of the injury was not defendant's violation of law, but plaintiff's own negligence in becoming a trespasser on the train, and in taking a chance of crossing without injury.

At Law. Trespass by Clarence Brooks against the Baltimore & Ohio Railroad Company. On affidavit of defense raising questions of law. Judgment for defendant.

Evans, Forster & Wernick, of Philadelphia, Pa., for plaintiff.
Harry B. Gill, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff sues in trespass to recover damages for personal injuries alleged to have been caused by the negligence of the defendant in the following manner:

That the defendant was negligent of its statutory duty under the laws of Pennsylvania and the ordinances of the city of Philadelphia to avoid blocking street crossings, in that on February 3, 1922, it permitted a long train of freight cars to stand upon the tracks on Delaware avenue, thereby blocking the regular street crossing at its intersection with Morris street, for a longer period of time than authorized by the city ordinances, preventing pedestrians from using it. That it was necessary for the plaintiff to cross Delaware avenue to reach his place of employment. After the plaintiff waited for a long period of time for the defendant to move its train and give him an opportunity to cross, he started to climb over the train. While he was in the act of climbing across between two of the cars, the defendant suddenly and without warning started the train with a severe bump, so that the plaintiff was caught between the coupling of the train, and his foot was crushed between the bumpers of the two freight cars.

From the facts set out it appears that the approximate causes of the plaintiff's injury consisted of his own act in going where he had no right to go and the starting of the train. The fact that the defendant was violating a state law and an ordinance by blocking the street was not the direct cause of the injury. It was the cause which induced the plaintiff to become a trespasser upon the train, and to take the chance of crossing without being injured. But he assumed the risk, and so far as appears the defendant's servants were not aware of his presence. This is a clear case of injury through the plaintiff's own negligence. Charlton v. Baltimore & Ohio Railroad Co., 252 Pa. 107, 97 Atl. 126.

Let judgment be entered for the defendant.